Salas Soler, Juez Ponente
TEXTO COMPLETO DE LA RESOLUCION
La parte peticionaria, Omar J. Saldaña Ayala, presentó una Petición de Certiorari en donde nos solicita la revisión de una Orden dictada por el Tribunal de Primera Instancia, Sub-sección de Distrito de Carolina, en la que se le prohibió el uso de sus peritos durante la vista en su fondo debido a que no entregó una copia de los informes periciales a la parte demandada.
Antecedentes
El 24 de mayo de 1995, el Sr. Omar J. Saldaba Ayala (peticionario) radicó una demanda en daños y perjuicios contra Williams Hospitality Management Corp. (Williams Hospitality) y su compañía aseguradora. Luego de varios trámites procesales, se inició el descubrimiento de prueba mediante la radicación por parte de Williams Hospitality de un pliego de interrogatorio y requerimiento de admisiones. En los acápites número dos (2) tres (3) del antedicho documento, Williams Hospitality requirió a la parte demandante la producción de la siguiente información:
"2. Adjunte con su contestación a este Interrogatorio copia de todo documento que obre en su poder o el de su abogado, incluyendo pero no limitado a evidencia médica, declaraciones, fotografías, informes, etc., relacionados con los hechos alegados en la Demanda que serán utilizados en la vista en su fondo.

3. Con relación a todos y cada uno de los peritos o expertos consultados y/o contratados por usted o su abogado con relación a cualquier aspecto del presente caso, que serán llamados a testificar en la vista en su fondo, indique lo siguiente:

a) el área o disciplina sobre la cual dicho(s) perito(s) tiene(n) o alega(n) tener "expertise",

b) el trasfondo académico de dicho(s) perito(s), incluyendo las instituciones educativas asistidas por éstos, las fechas de asistencia, y los grados conferidos, si alguno;

c) indique la fecha en la cual dicho(s) perito(s) fue(ron) contratado(s);

d) indique si dicho(s) experto(s) ha(n) preparado algún informe relacionado con los hechos alegados en la Demanda, y de ser así, adjunte una copia del mismo con su contestación a este 
*883
interrogatorio;

e) provea un resumen de las opinoiones periciales de dicho(s) experto(s);

f) adjunte con su contestación a este interrogatorio copia del currículum vitae de dicho(s) perito (s).n

En su contestación a interrogatorio, el peticionario contestó las preguntas dos (2) y tres (3) del interrogatorio proveyendo el nombre del perito médico Dr. Manuel A. Medina y se le entregó a la parte demandada copia del expediente médico y la transcripción mecanografiada del mismo, además de otra evidencia. No obstante, esta parte informó que el resto de la información solicitada referente al perito se objetaba y que la misma se podía obtener mediante la celebración de una deposición al amparo de la Regla 23.1 (c) (1) de Procedimiento Civil, 32 L.P.R.A. Ap. III. El peticionario contestó las preguntas en controversia de la siguiente forma:
"2. Se adjunta a) fotocopia del expediente médico en el San Juan Health Centre, (b) notas de progreso de la oficina del cirujano de la mano Doctor Manuel A. Medina, c) transcripción de dichos expedientes médicos, d) fotografías sillas Hotel San Juan, e) fotografías sillas Hotel Dorado Hyatt y (f) placas rayos X...

3. a) Cirujano de la mano.

b) Se objeta por no ser materia de descubrimiento al amparo de la Regla 23.1 (c) (1) y jurisprudencia aplicable. Dicha información la puede obtener mediante deposición al perito o mediante acuerdo económico con él para que produzca dicha información.

c) Al presente el perito no ha sido contratado por la parte demandante pero ha sido informado por mi representante legal, que de ser necesario, contratará sus servicios.

d) Se incluyó el informe del expediente médico preparado por el facultativo.

e) Una lectura de la transcripción del expediente médico preparada por el doctor Manuel A. Medina refleja detalladamente la condición en que el paciente fue recibido y el tratamiento brindado al paciente, así como las notas de seguimiento y al presente conforme a la evidencia disponible al paciente recuperó de ambas condiciones, herida mediante compresión del dedo pequeño derecho, amputación parcial y separación del tejido blando, así como fractura de la falange distal.

f) Igual a la contestación 3b)."

A continuación, el peticionario radicó una contestación adicional a interrogatorio en donde ofreció la siguiente información sobre el perito ingeniero Francisco Arrieta Pía y sobre lo que declararía el mismo.

"3. a) Ingeniero licenciado, licencia 4385.

b) Instituto de Tecnología de Georgia, 1957-1959, Bachillerato en ingeniería eléctrica.

c) Diciembre 1996.

d) No.

e) Luego de examinar las sillas reclinables para área de piscina o playa en los hoteles San Juan, Dorado Hyatt, Condado Plaza y Condado Mariott es mi opinión que las sillas reclinables en el Hotel San Juan evidencian un grado de peligrosidad para el usuario, cuya peligrosidad es de fácil identificación para cualquier persona preparada para identificar elementos de peligrosidad en objetos y áreas puestas a disposición de los usuarios.

j) Se incluye.

*884 J. a) Ing. Francisco Arrieta Pla, P.O. Box 364481, San Juan, PR 00936, 790-2754.

b) Sobre la peligrosidad evidente en las sillas reclinables en el área de la piscina del Hotel San Juan, para los usuarios de las mismas.

c) No."

El 29 de abril de 1997 Williams Hospitality presentó un escrito en donde objetó algunas contestaciones al interrogatorio, específicamente el resumen de las opiniones de los peritos, señalando que las mismas eran sumamente insuficientes y escuetas. A continuación, el 7 de mayo de 1997, el peticionario radicó Segunda Contestación Adicional a Interrogatorio y ofreció la siguiente información respecto a los peritos consultados:

"3. a) Ingeniero licenciado, licencia 4385.

b) Instituto de Tecnología de Georgia, 1957-1959, Bachillerato en ingeniería eléctrica.

c) Diciembre 1996.

d) No.

e) Luego de examinar las sillas reclinables para área de piscina o playa en los hoteles San Juan, Dorado Hyatt, Condado Plaza y Mariott, es mi opinión que las sillas reclinables en el Hotel San Juan que utilizó el demandante Omar J. Saldaña evidencian un grado de peligrosidad para el usuario, cuya peligrosidad es de fácil identificación para cualquier persona preparada para identificar elementos de peligrosidad en objetos y áreas puestas a disposición de los usuarios. Dicha silla, si la persona que la utiliza, se reclina en el espaldar y ala vez acciona el mecanismo para extender dicho espaldar a la posición horizontal, súbitamente, no dando tiempo al usuario a retirar su mano de la parte trasera del espaldar y la misma quedaría pinchada entre el tubo del marco de la silla y el tubo del espaldar, lo que le causaría daños a su mano.

En otros hoteles se ha desplegado un sello engomado (en rojo) previniendo al usuario de que no accione el espaldar de la silla mientras esté recostado del espaldar. También se han tomado otras medidas para aumentar la separación entre el tubo del marco de la silla y el tubo del espaldar. En otros hoteles han comprado nuevo equipo, el cual minimiza la posibilidad de accidente y en otros donde elimina en su totalidad la posibilidad de accidente. Nada de ello (medidas de precaución para evitar accidente) las ha tomado el Hotel San Juan.

f) Se incluye.

5. a. 1) Ing. Francisco Arrieta Pla, P.O. Box 364481, San Juan, PR 00936. Irrelevante.

a. 2) Dr. Manuel A. Medina, Santurce Medical Malí, Oficina 304, 1801 Ave. Ponce De León, San Juan, P.R. 00909. Irrelevante.

b. 1) Sobre la peligrosidad evidente en las sillas reclinables en el área de la piscina del Hotel San Juan para los usuarios de los mismos, según antes indicado.

b. 2) Sobre los daños sufridos por Omar J. Saldaña, la condición física en que recibió el paciente y el tratamiento que le brindó.

c.l) No.

c. 2) No."

Luego, en el Informe Sobre Conferencia Preliminar Entre Abogados el peticionario nuevamente informó que sus peritos lo eran el Dr. Manuel A. Medina (cirujano de la mano) y el Ing. Francisco *885 Arrieta Pía (ingeniero e inventor). Además, Williams Hospitality indicó que "[e]sta parte interesa deponer el perito de la parte demandante y cursar interrogatorio adicional en torno a perito. Asimismo, será necesario que nuestro perito una vez anunciado, efectúe su investigación y rinda el correspondiente informe."
El 8 de junio de 1988 se celebró una vista transaccional en la cual el hermano Foro de instancia le ordenó al peticionario a notificar a la demandada (Williams Hospitality) y tercera demandada (Pompeii Casual Furniture) dentro del término de veinte (20) días una copia de los dos informes de los dos peritos anunciados.
Posteriormente, el peticionario le solicitó al Tribunal de Instancia que le relevara de dicha orden debido a que carecía de recursos económicos para pagar por dichos informes periciales. Al mismo tiempo, señaló que ambas demandadas podían tomarle una deposición a ambos peritos al amparo de la Regla 27 de Procedimiento Civil, 32 L.P.R.A. Ap. III. Finalmente, esta parte indicó que el requerimiento de las demandadas no estaba amparado bajo la Regla 23.1 (c) de Procedimiento Civil, 32 L.P.R.A. Ap. III.
El 14 de julio de 1998 el Tribunal de Instancia dictó una Orden en la que se le prohibió a la parte demandante el uso de los peritos anunciados durante la vista en su fondo. Sin embargo, el tribunal manifestó que esta parte sí podía utilizar el expediente médico. A continuación, el peticionario presentó una Moción de Reconsideración de la antedicha Orden. No obstante, el foro recurrido dictó el 4 de agosto de 1998 una Orden declarando no ha lugar a la reconsideración solicitada por entender que "[s]in el informe pericial las otras partes no pueden preparar adecuadamente su defensa.”
Inconforme, el peticionario radicó una petición de Certiorari ante este foro apelativo solicitando la revocación de la determinación del Tribunal de Instancia respecto al descubrimiento de prueba pericial. El 30 de septiembre de 1998 emitimos orden por la cual concedimos 15 días a la parte recurrida para que mostrara causa por la cual no debíamos expedir el auto solicitado. Examinados los méritos del recurso solicitado y por los fundamentos que se ofrecen a continuación procedemos a la expedición del auto y a la revocación de la orden recurrida.
Exposición y Análisis
La Regla 23.1 (c) (1) de Procedimiento Civil, 32 L.P.R.A. Ap. III, establece lo siguiente en cuanto al descubrimiento de prueba pericial:

"Regla 23.1. Alcance del descubrimiento.

(c) Peritos. El descubrimiento de prueba pericial podrá llevarse a cabo como sigue:

(1) Una parte podrá, a través de interrogatorios, requerir a cualquier otra parte que suministre el nombre y la dirección de los peritos que haya consultado y de los que intente presentar en el juicio. Respecto a estos últimos, podrá requerirse a la parte que exprese la materia sobre la cual el perito se propone declarar, así como un resumen de sus opiniones y una breve expresión de las teorías, hechos o argumentos que sostienen las mismas. A solicitud de parte, el tribunal podrá ordenar el descubrimiento de prueba pericial por cualquier otro medio, sujeto a aquellas condiciones o limitaciones que estime razonables."

Esta regla establece el tipo de información que es permisible requerir a una parte en relación a los peritos consultados que dicha parte vaya a utilizar en la vista en su fondo. Esta regla no le impone a una parte la obligación de preparar un informe escrito pericial y, a su vez, entregarle copia a las demás partes en el pleito. La parte tiene la discreción de utilizar solamente un informe oral pericial durante la vista en su fondo. Una vez el demandante y peticionario contestó en la negativa la pregunta número 3 (d) del interrogatorio, que decía: "indique si dicho(s) experto(s) ha(n) preparado algún informe relacionado con los hechos alegados en la Demanda, y de ser así, adjunte una copia del mismo con su contestación a este interrogatorio”, el asunto quedó resuelto, ya que como se dijo anteriormente, ninguna parte viene obligada a pedirle un informe escrito a sus peritos contratados o meramente anunciados.
*886 La Regla 23.1 de Procedimiento Civil sólo provee para que a través del mecanismo del interrogatorio una parte le solicite a la parte que vaya a presentar un perito que resuma fielmente lo que dicha parte sepa respecto a tal perito, como por ejemplo su nombre, dirección, currículum vitae y un breve resumen en tomo a lo que versará su testimonio. La orden del Tribunal Primera Instancia no encuentra apoyo en la citada regla. Dicha orden tiene dos efectos prácticos: uno, obligar a la parte demandante y peticionaria a costear parte del descubrimiento de prueba de la parte demandada; o el otro, el de privar al peticionario de una importante y pertinente fuente de evidencia: los peritos. Ambas alternativas operan en contra del derecho del peticionario a presentar una adecuada defensa de su caso. Existen otros mecanismos procesales al alcance de la parte demandada que serían menos onerosos al derecho a una adecuada defensa del peticionario, como lo sería la celebración de una deposición del perito o pagar por la preparación de los informes periciales con miras a recobrar posteriormente dicha cantidad como costas del pleito.
Por lo tanto, y conforme a lo anteriormente expuesto se deja sin efecto la orden recurrida por la cual se prohibió al peticionario utilizar los peritos anunciados en el Informe Sobre Conferencia Preliminar entre Abogados y se devuelve el caso para la continuación de los procedimientos.
Dictamen
Se expide el auto a los fines de revocar la orden recurrida y se devuelve el caso para la continuación de lo procedimientos, conforme a lo anteriormente expuesto.
Lo acordó el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General